# EMPLOYER'S LIABILITY
# (STOP GAP) ENDORSEMENT



**ZURICH**

| X | Zurich American Insurance Company |
| --- | --- |
| | American Guarantee Zurich and Liability Insurance Company |
| | Zurich American Insurance Company of Illinois |
| | American Zurich Insurance Company |

| Policy No. | Exp. Date of Pol. | Eff. Date of End. | Agency No. | Addl. Prem. | Return Prem. |
| --- | --- | --- | --- | --- | --- |
| WC 9374502-01 | 10-15-04 | | 77904-000 | INCL. | |

This endorsement applies only to the monopolistic states shown in the Schedule.

A. Part One (Workers- Compensation Insurance) does not apply to work in monopolistic state fund states.

B. Part Two (Employers- Liability Insurance) applies to work in states shown in the Schedule as though they were shown in item 3.A. of the Information Page.

## SCHEDULE

States  ND,OH,WA,WV,WY

C. Part Two (Employers- Liability Insurance), C. Exclusions is replaced by the following exclusions:

This insurance does not cover:

1. Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. Any obligation imposed by a workers- compensation, occupational disease, unemployment compensation, disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you, or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur, if you are designated in the Declarations as a partnership or an organization other than a partnership or joint venture, by any executive officer, director, stockholder or partner thereof.

   Exclusion 5. shall not exclude coverage for your legal liability other than benefits or compensation provided for under any workers' compensation act, resulting from the intentional act of an employee or agent (other than an executive officer, director, stockholder, or partner) that produce injury or death to another employee when such act is committed within the scope of employment;

6. Bodily injury occurring outside the policy territory;

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. Bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901 - 950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171 - 8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331 - 1356), the Defense Base Act (42 USC Sections 1651 - 1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections

WC 99 03 02

U-WC-218-C (10/93)
Page 1 of 2

INSURED COPY

Exhibit  1 , Pg. 51

901 -942), any other federal workers or workmens- compensation law or other federal occupation disease law, or any amendments to these laws;

9.   Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51 - 60), any federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10.  Bodily injury to a master or member of the crew of any vessel;

11.  Any premium assessment, penalty, fine, benefits or other obligation imposed by workers' compensation, employment compensation or disability benefits law or under similar law;

12.  Damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801 - 1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws;

13.  Bodily injury suffered by any employee whose remuneration has not been included in the total remuneration upon which premium for this endorsement is based;

14.  Bodily injury to any member of the flying crew of any aircraft;

15.  Any claim for bodily injury with respect to which you are deprived of any defense of defenses, or which is otherwise subject to penalty because of default in premium payment under, or any failure to comply with, the provisions of any workers- compensation law;

16.  Bodily injury to an employee when you are deprived of common law defenses or are subject to penalty because of your failure to secure your obligation under the workers- compensation law of the state(s) indicated in the schedule of this Coverage Part or otherwise fail to comply with that law.

WC 99 03 02

U-WC-218-C (10/93)
Page 2 of 2

INSURED COPY

Exhibit ___1___ , Pg. _52_



**ZURICH**

# IMPORTANT DISCLOSURE NOTICE-WORKERS COMPENSATION

We are making the following informational disclosures in compliance with The Terrorism Risk Insurance Act of 2002. No action is required on your part.

### Disclosure of Terrorism Premium

The premium charge for risk of loss resulting from acts of terrorism (as defined in the Act) under the policy is $1,170

### Disclosure of Availability of Coverage for Terrorism Losses

As required by the Terrorism Risk Insurance Act of 2002, the member companies of Zurich North America make available coverage for losses resulting from acts of terrorism (as defined in the Act) with terms, amounts, and limitations that do not differ materially as those for losses arising from events other than acts of terrorism.

### Disclosure of Federal Share of Insurance Company's Terrorism Losses

The Terrorism Risk Insurance Act of 2002 establishes a mechanism by which the United States government will share in insurance company losses resulting from acts of terrorism (as defined in the Act) after an insurance company has paid losses in excess of an annual aggregate deductible. For 2002, the insurance company deductible is 1% of direct earned premium in the prior year; for 2003, 7% of direct earned premium in the prior year; for 2004, 10% of direct earned premium in the prior year; and for 2005, 15% of direct earned premium in the prior year. The federal share of an insurance company's losses above its deductible is 90%. In the event the United States government participates in losses, the United States government may direct insurance companies to collect a terrorism surcharge from policyholders. The Act does not currently provide for insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.

### Definition of Act of Terrorism

The Terrorism Risk Insurance Act defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:

1. to be an act of terrorism;
2. to be a violent act or an act that is dangerous to human life, property or infrastructure;
3. to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of title 49, United 17 States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and
4. to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

U-WC-397-A (1/03)
Page 1 of 2

Exhibit __1__, Pg. _53_

These disclosures are informational only and do not modify the policy or affect your rights under the policy.

## WORKERS COMPENSATION

| State | State Rate per $100 Payroll | State | State Rate per $100 Payroll |
|-------|-----------------------------|-------|-----------------------------|
| AK | 0.03 | MN | 0.02 |
| AL | 0.01 | MO | 0.03 |
| AR | 0.01 | MS | 0.01 |
| AZ | 0.03 | MT | 0.01 |
| CA | 0.03 | NC | 0.02 |
| CO | 0.02 | NE | 0.03 |
| CT | 0.03 | NH | 0.02 |
| DC | 0.04 | NJ | 0.02 |
| DE | 0.02 | NM | 0.01 |
| FL | 0.03 | NV | 0.04 |
| GA | 0.03 | NY | N/A |
| HI | 0.02 | OK | 0.01 |
| IA | 0.01 | OR | 0.03 |
| ID | 0.02 | PA | 0.03 |
| IL | 0.02 | RI | 0.03 |
| IN | 0.03 | SC | 0.03 |
| KS | 0.01 | SD | 0.01 |
| KY | 0.03 | TN | 0.02 |
| LA | 0.01 | TX | 0.03 |
| MA | 0.02 | UT | 0.02 |
| MD | 0.02 | VA | 0.02 |
| ME | 0.01 | VT | 0.01 |
| MI | 0.02 | WI | 0.02 |

These disclosures are informational only and do not modify your policy or affect your rights under the policy.

Copyright Zurich American Insurance Company 2002

U-WC-397-A  (1/03)
Page 2 of 2

Exhibit __1__ , Pg. 54

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. February2008)          Exhibit __1__, Pg. _56_          Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

Exhibit __1__, Pg. __51__

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:

Fax No. (Optional):

E-Mail Address (Optional):

ATTORNEY FOR *(Name)*:
Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☑ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____    _____    _____
                          *(SIGNATURE OF PLAINTIFF OR ATTORNEY)*    *(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

Date: _____    _____    _____
                          *(SIGNATURE OF DEFENDANT OR ATTORNEY)*    *(SIGNATURE OF DEFENDANT OR ATTORNEY)*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use

Exhibit __1__, Pg. _59_

**SUMMONS** ON FIRST AMENDED COMPLAINT

*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ZURICH AMERICAN INSURANCE COMPANY, a New York
Corporation; and DOES 1 through 50, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 16 2008

ALAN CARLSON, Clerk of the Court

BY: _G. GALON_ , DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HEALTHSMART PACIFIC, INC., a California Corporation;
and FIRST MEDICAL MANAGEMENT, INC., a California
Corporation

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive W.<br>*****************************<br>Santa Ana, CA  92701<br>Central Justice Center | CASE NUMBER:<br>*(Número del Caso):* 30-2008-00112710 |

JUDGE FRANZ E. MILLER
DEPT. C62

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas P. Roxborough, Esq.                                      (818) 992-9991
Roxborough, Pomerance & Nye
5820 Canoga Avenue, Suite 205
Woodland Hills, CA  91367

DATE: OCT 1 6 2008             AN CARLSON    Clerk, by    G. GALON    , Deputy
*(Fecha)*                                    *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**
On First Amended Complaint

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions

Exhibit _1_ , Pg. _66_

1  Nicholas P. Roxborough, Esq., State Bar No. 113540
   Craig S. Pynes, Esq.  State Bar No. 151552
2  **ROXBOROUGH, POMERANCE & NYE LLP**
   5820 Canoga Avenue, Suite 205
3  Woodland Hills, California 91367
   Telephone:  (818) 992-9999
4  Facsimile:   (818) 992-9991

5  Attorneys for Plaintiffs,
   HEALTHSMART PACIFIC, INC. and
6  FIRST MEDICAL MANAGEMENT, INC.

7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 16 2008**

ALAN CARLSON, Clerk of the Court

BY: _____ G. GALON _____ DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF ORANGE**

10

11  HEALTHSMART PACIFIC, INC., a
    California Corporation; and FIRST MEDICAL
12  MANAGEMENT, INC., a California
    Corporation

13                    Plaintiffs,

14  vs.

15  ZURICH AMERICAN INSURANCE
    COMPANY, a New York Corporation; and
16  DOES 1 through 50, inclusive,

17                    Defendants.

18

19

Case No.  30-2008-00112710

**FIRST AMENDED COMPLAINT FOR:**

1.  **BREACH OF CONTRACT;**

2.  **TORTIOUS BREACH OF THE
    IMPLIED COVENANT OF GOOD
    FAITH AND FAIR DEALING; AND**

3   **UNFAIR BUSINESS PRACTICES IN
    VIOLATION OF BUSINESS &
    PROCESSIONS CODE § 17200, et seq.**

**DEMAND FOR JURY TRIAL**

20      COMES NOW PLAINTIFFS, HEALTHSMART PACIFIC, INC. and FIRST MEDICAL

21  MANAGEMENT, INC. allege against DEFENDANTS, ZURICH AMERICAN INSURANCE

22  COMPANY and DOES 1 through 50, inclusive, as follows:

23

24

25

26

27

28

               Exhibit __1__, Pg. __61__

                         - 1 -
               **FIRST AMENDED COMPLAINT**

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, HEALTHSMART PACIFIC, INC. ("Heathsmart") is, and at all relevant times to this action was, a corporation organized and existing under the laws of the State of California, and doing business in the City of Newport Beach, County of Orange.

2. Plaintiff, FIRST MEDICAL MANAGEMENT, INC. ("First Medical" or both plaintiffs collectively "Plaintiffs") is, and at all relevant times to this action was, a corporation organized and existing under the laws of the State of California, and doing business in the City of Newport Beach, County of Orange.

3. Healthsmart is a diversified health care organization in the business of improving health care and managing all aspects of the personnel side of various health care businesses. Healthsmart also owns Pacific Hospital of Long Beach, which is a full-service teaching hospital with approximately 200 licensed acute care beds.

4. First Medical manages all aspects of the personnel side of many and various healthcare businesses, including billing and collecting centers, MRI centers, executive and management companies throughout California as well as two (2) ambulatory surgical centers. First Medical Management also provides staffing and human resources management to entities that collect accounts receivable and provide other administrative management services to physician offices, both in connection with these physicians' office practice and with respect to the in-office physician pharmacy dispensing programs offered by many physicians.

5. Plaintiffs are further informed and believe, and thereon allege, that ZURICH is the second largest general insurer in the United States. Plaintiffs are informed and believe, and thereon allege, that Defendant ZURICH AMERICAN INSURANCE COMPANY ("ZURICH") is, and at all relevant times to this action was, a corporation engaged in the business of writing workers' compensation insurance and qualified to do business in the State of California, having its principal place of business in the State of Illinois, City of Schaumburg.

6. Plaintiffs are informed and believe, and thereon allege, that ZURICH operates numerous workers' compensation claims offices throughout the State of California, including all of the claims offices that serviced Plaintiffs' claims that form the basis for the present action

Exhibit _1_, Pg. _62_   - 2 -
COMPLAINT

7.     Plaintiffs allege that they entered into the insurance policies that are the subject of this lawsuit and which are described herein below in the County of Orange, State of California.

8.     All of plaintiffs' workers compensation claims involved workers in plaintiffs' California offices, that all workers compensation injuries were sustained in the state of California, which were handled and administered by ZURICH adjusters in Southern California, working out of ZURICH's California offices in Glendale and Orange County, California.

9.     Plaintiffs are unaware of the true names and capacities of those Defendants sued as DOES 1 through 50, and they are thus sued under such fictitious names.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously-named Defendants in some manner proximately caused the damages to Plaintiffs alleged herein.  Plaintiffs will seek leave of court to amend this complaint to allege these Defendants' true names and capacities when ascertained as well as other causes of action subsequently discovered.

10.     Plaintiffs are informed and believe, and thereon allege, that in performing the acts alleged herein, Defendants, and each of them were acting as the agents, servants, joint venturers, trustees, partners, alter-egos, affiliates, contractors and/or employees of every other Defendant, and were acting within the course and scope of such agency, contract, service or employment. Plaintiffs are informed and believe, and thereon allege, that every Defendant authorized and ratified the acts of every other Defendant..

## VENUE

11.     Venue is proper in this judicial district because the performance, breach, liability and the damages alleged in this Complaint, and the present dispute alleged herein, occurred within the County of Orange, in the jurisdiction of this Superior Court as set forth above.

12.     Plaintiffs are further informed and believe, and thereon allege, that the workers' compensation claims giving rise to the instant lawsuit arose in the County of Orange, State of California.

## RELEVANT INSURANCE POLICIES

13.     Plaintiffs procured three California workers' compensation insurance policies from ZURICH with the following policy periods:  October 15, 2003 – October 15, 2004; October 15,

Exhibit _1_, Pg. _63_       - 3 -

**COMPLAINT**

1  2004 – October 15, 2005 and October 15, 2005 – October 15, 2006.  Attached hereto and

2  incorporated herein by reference as Exhibit "A" is a true and correct copy of a sample policy

3  agreement entered into between Plaintiffs and ZURICH for workers' compensation insurance.

4  Except as otherwise herein alleged, the above California workers compensation policies are

5  hereinafter referred to collectively as the "WC Policies."  In consideration for ZURICH providing

6  workers compensation insurance, Plaintiffs paid all workers compensation premiums due for all of

7  the workers' compensation policies in question.

8  **ZURICH MISHANDLED PLAINTIFFS' WORKERS' COMPENSATION CLAIMS**

9      14.    The WC Policies covered California workers' compensation claims.

10      15.    Plaintiffs allege that unlike any other type of insurance policy, the reserves that

11  workers' compensation insurance carriers, such as ZURICH, place on each individual claim, the

12  amount paid out under a claim, and the manner in which a carrier handles and administers the

13  claim, inexorably controls the amount Plaintiffs are required to pay on their claims and to pay in

14  premiums to ZURICH and other subsequent carriers.

15      16.    Plaintiffs are informed and believe and thereon allege that by virtue of the WC

16  Policies, ZURICH stands in Plaintiffs' shoes as their agent with respect to each claim made under

17  the WC Policies.  Plaintiffs further allege that a special relationship exists between an insured and

18  insurer akin to a fiduciary duty, and that implied in this relationship is a covenant that neither

19  party may act to deprive the other of the benefits of the contract.

20      17.    Plaintiffs are informed and believe, and thereon allege, that ZURICH failed to

21  defend and investigate and generally mishandled, these California workers compensation claims

22  made under the WC Policies in such a way as to artificially increase Plaintiffs' payments for

23  mishandled claims and for subsequent premiums through higher ex-mods in the manner described

24  below.  Plaintiffs assert that the mishandling of claims extends not only to the adjusters,

25  examiners, claims personnel and supervisors of ZURICH, but also to its upper level executives,

26  such as its Regional Vice President, Barry Grubb out of its Glendale office, who refused to

27  address Plaintiffs' above allegations that their claims had been mishandled.

28      **Exhibit  1 , Pg. 64**

## ZURICH'S IMPROPER RETALIATION AGAINST PLAINTIFFS FOR NOT RENEWING WITH ZURICH.

18.     After Plaintiffs decided not to renew with ZURICH after the October 15, 2006 policy ended, ZURICH retaliated against Plaintiffs by assigning new adjusters to handle Plaintiffs' claims who had little or no knowledge about the claims.

19.     ZURICH also improperly restricted the frequency of claim reviews and claim audits it had previously provided to Plaintiffs.  Prior to Plaintiffs' non-renewal of their policy relationship, ZURICH allowed Plaintiffs to have as many claim reviews as they wanted per year and typically provided at least two claim reviews per year.

20.     Conversely, after Plaintiffs decided not to renew with ZURICH, ZURICH instructed that the frequency of Plaintiffs' claim reviews would be only one per year and Zurich further stated they would not respond to repeated requests for claim reviews made by Plaintiffs and their broker. This course of conduct resulted in further delays in Plaintiffs' ability to review their claims and allowed ZURICH to shield its improper claims mishandling from Plaintiffs or their broker's review.

21.     ZURICH also utilized defense counsel and defense experts to defend Plaintiffs against workers' compensation claims that ZURICH knew or should have known were directly adverse to Plaintiffs' ongoing medical practice here in California and at the Workers' Compensation Appeals Board.

22.     For instance, Plaintiffs provide various medical services to numerous applicants on workers' compensation claims and WCAB actions involving other ZURICH insureds, pursuant to an agreement between Plaintiffs and ZURICH in which ZURICH has agreed to reimburse Plaintiffs for their services.

23.     In retaliation for Plaintiffs refusing to continue to insure with ZURICH, Plaintiffs are informed and believe that ZURICH has utilized defense counsel to defend Plaintiffs' claims that are directly adverse to Plaintiffs on claims where Plaintiffs provide medical services to ZURICH's other insureds, all of which results in a direct conflict of interest.

Exhibit __1__, Pg. __65__

24.     To try to address this conflict, Plaintiffs recently requested that ZURICH agree to allow Plaintiffs' own chosen defense counsel to defend Plaintiffs' claims.

25.     ZURICH, however, refuses to utilize any defense counsel but its own chosen defense counsel, despite knowledge of the actual conflict posed by using such defense counsel to defend Plaintiffs' interests, such as allowing defense counsel to gain improper access to Plaintiffs' information so as to gain an unfair competitive advantage against Plaintiffs on claims for other ZURICH insureds where defense counsel are directly adverse to Plaintiffs.

26.     Plaintiffs are informed and believe that ZURICH has also retaliated against Plaintiffs for refusing to continue to insure with ZURICH through its failure to allow Plaintiffs to choose their own counsel, and refusal to reimburse Plaintiffs for services rendered to applicants on ZURICH insureds' policies. ZURICH presently owes Plaintiffs almost $2 million dollars in outstanding liens and receivables all of which are reimbursements due to Plaintiffs for their provision of medical, rehabilitation and other services on behalf of ZURICH's applicants. As a consequence, such receivables are now subject to huge outstanding liens against ZURICH that it continues to ignore.

27.     Finally, Plaintiffs have requested on multiple occasions that ZURICH provide them with access to their workers compensation claim files so Plaintiffs' can evaluate whether ZURICH mishandled their claims under the workers' compensation policies. ZURICH has steadfastly refused to provide Plaintiffs with their claim file materials or to meet with Plaintiffs to address ZURICH's claims handling.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against ZURICH and DOES 1 through 50)

28.     Plaintiffs incorporate herein by this reference all of the allegations contained in Paragraphs 1 through 27 hereof as if set forth in full in this First Cause of Action.

29.     Plaintiffs are informed and believe, and thereon allege, that ZURICH breached the WC Policies by over-reserving and over paying claims made under the WC Policies, failing to provide appropriate defense counsel under the WC Policies that did not have a conflict of interest with Plaintiffs, failing to provide adequate legal counsel for purposes of defending Plaintiffs

Exhibit __1__, Pg. __66__

- 6 -
**COMPLAINT**

1   against the underlying workers compensation claims, and generally mishandled Plaintiffs'

2   workers' compensation claims by refusing to allow Plaintiffs to audit their claim files, refusing to

3   provide a reasonable mechanism in which an insured who is no longer insured with the Company

4   can review files, and tried to hide its misconduct by refusing to disclose its claim files.

5          30.    Plaintiffs have performed all terms of the WC Policies, except for those terms

6   where performance excused by ZURICH's misconduct.

7          31.    As a result of ZURICH's breach of the WC Policies, Plaintiffs have suffered losses

8   in an amount within the jurisdictional limit of this Court.  When Plaintiffs ascertain the total

9   amount of its damages, Plaintiffs will seek leave of Court to allow amendment to this Complaint

10  setting forth such total amount and loss.

11         32.    Plaintiffs further allege that as a result of ZURICH's breach of contract, Plaintiffs

12  were forced to retain legal counsel to bring this action to enforce their rights and obtain withheld

13  benefits under Zurich's policy.

14                          **SECOND CAUSE OF ACTION**

15  **(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Against ZURICH**

16                          **and DOES 1 through 50)**

17         33.    Plaintiffs incorporate herein by this reference as though fully set forth in this Cause

18  of Action each and every allegation contained in Paragraphs 1 through 32, inclusive, of this

19  Complaint as if set forth herein in full.

20         34.    The covenant of good faith and fair dealing is implied by law in every contract to

21  protect each party's right to receive the benefits of the contract.  As a result of engaging in the

22  conduct set forth in this Complaint, ZURICH has denied Plaintiffs the benefit of the WC Policies

23  and thus, breached the implied covenant of good faith and fair dealing by having engaged in and

24  continuing to engage in the following acts and/or omissions which are implied obligations under

25  WC Policies with Plaintiffs as follows:

26                 a.    ZURICH raised reserves in amounts unreasonably disproportionate to expected

27                        losses and/or then overpaid claims;

28                          Exhibit __1__, Pg. __67__

     b.  ZURICH ignored Plaintiffs' requests and/or itself failed to undertake prompt or reasonable investigation of claims to determine whether they were compensable and/or ignored the results of such investigations;

     c.  ZURICH failed to undertake subrosa, activity checks and other mechanisms to ensure that claimants' injuries were legitimate and/or not extended beyond the reasonable healing period;

     d.  ZURICH failed to properly manage claimants' medical treatment, resulting in ZURICH often just paying benefits without appropriate scrutiny; and

     e.  ZURICH failed to provide periodic or meaningful claim reviews to Plaintiffs.

35.    Plaintiffs are informed and believe, and thereon allege, that ZURICH retaliated against Plaintiffs for refusing to renew with ZURICH by using defense counsel to defend Plaintiffs' claims that it knew were adverse to Plaintiffs' ongoing medical practice and refused to reimburse monies owed to Plaintiffs' under the parties' agreement damaging Plaintiffs' in the manner detailed above.

36.    Plaintiffs are informed and believe, and thereon allege, that ZURICH has committed further acts and/or omissions in violation of its duty of good faith and fair dealing. These acts and/or omissions are presently unknown to Plaintiffs and may be discovered by Plaintiffs during the course of this litigation.

37.    As a proximate result of ZURICH's conduct, as described hereinabove, Plaintiffs have suffered general and special damages as described hereinabove as well as artificially increasing Plaintiffs' subsequent ex-mods and requiring Plaintiffs to incur expense and costs to hire outside consultants, experts and attorneys to assist Plaintiffs in obtaining benefits under the WC Policies. Pursuant to the WC Policies, Plaintiffs are entitled to collect all costs and expenses, including attorneys' fees incurred in connection with the collection or enforcement of any obligation owed under the policies. Additionally, ZURICH's conduct, as described hereinabove, has been highly prejudicial to Plaintiffs' business operations, including, but not limited to, causing Plaintiffs to suffer loss of business opportunities all in a sum to be established at the time of trial, as well as retaliating against Plaintiffs for questioning ZURICH's claims handling by refusing to

- 8 -

Exhibit _1_, Pg. _68_

1 honor Plaintiffs' medical liens for workers' compensation services provided to other ZURICH

2 insureds.

3       38.    Plaintiffs further allege that the conduct of ZURICH set forth in Paragraph 34

4 above was carried out in bad faith, was malicious, fraudulent and oppressive, and evidences a

5 complete disregard for Plaintiffs' interests and intent to injure, harass, vex and annoy Plaintiffs.

6 Particularly, ZURICH's intentional misconduct is evidenced by then using panel defense counsel

7 that Zurich knew were adverse to Plaintiffs' ongoing business even when Plaintiffs' requested that

8 different counsel be assigned; retaliating against Plaintiffs for not renewing with it by limiting

9 claim reviews, to only one per year; and by taking off the current adjustors from Plaintiffs' claims

10 and assigning "new adjusters", all of which conduct was undertaken to hide its own poor claims

11 handling and failure to remit millions of dollars that it knew it owed to Plaintiffs under their

12 contract. Under the circumstances described, Plaintiffs allege that ZURICH's conduct constitutes

13 "despicable conduct" as defined in California *Civil Code* §3294 and established common law, thus

14 entitling Plaintiffs to recover punitive damages in an amount appropriate to punish or to set an

15 example of Defendants, and each of them. Plaintiffs further allege that ZURICH at all times acted

16 through its officers, directors and employees and that they had advance knowledge of the damage

17 being caused to Plaintiffs and that ZURICH approved, ordered, instructed, supervised and

18 controlled the conduct of their officers, directors and employees such as to constitute a ratification

19 of the conduct of said officers, directors and employees. Accordingly, pursuant to the doctrine of

20 Respondent Superior, ZURICH is liable for punitive damages as prayed for herein.

21                       **THIRD CAUSE OF ACTION**

22   **(Violation of Business & Professions Code §17200, et seq. Against Zurich and DOES 1**

23                            **through 50)**

24       39.    Plaintiffs incorporate by this reference, as though fully set forth in this cause of

25 action, each and every allegation contained in paragraphs 1-38 inclusive, of this complaint as

26 though set forth herein in full.

27       40.    Plaintiffs have standing to bring this action pursuant to Business & Professions

28 Code §17204, as they have suffered an injury in fact and have lost money or property as a result of

Exhibit _1_ , Pg. _69_

1   Defendants' unfair business practices.

2       41.    Defendants' unfair business practices that have proximately injured their insureds,

3   include Defendants' discriminatory policy against insureds that do not renew their policies with

4   Zurich by taking away claims handlers assigned to handle such insurance claims and assign new

5   claims handlers to handle ex-insureds' claims with little or no knowledge about the claims;

6   Defendants' secret policy of changing the number of claim reviews allotted to its insureds from

7   multiple claim reviews per year to one claim review per policy year in retaliation against such

8   insureds that do not renew with Zurich; Defendants' do not allow insureds to choose their own

9   defense counsel when an actual conflict of interest arises between Zurich and its insured and

10  Defendants' retaliate against insureds that do not renew with ZURICH by utilizing medical

11  practitioners and defense counsel that ZURICH knows or should have known a conflict of interest

12  with insureds and then refuses to remit substantial sums owing on its contract with its insureds

13  where it retained such insureds as medical providers for its applicants for other insureds.

14      42.    Additionally, in light of Defendants' unfair business practices in violation of the

15  law, Plaintiffs, pursuant to Business & Professions Code §17203, seek from this court a permanent

16  injunction, enjoining Defendants from: unreasonably denying its' insureds the ability to audit the

17  insureds' claim files in order to verify invoices from ZURICH for additional premiums; retaliating

18  against California insureds with whom ZURICH contracts to provide medical services to

19  applicants by and through ZURICH's use of defense counsel and defense medical practitioners

20  that ZURICH knows or should know are potentially or actually adverse.  Plaintiffs also request

21  pursuant to Business & Professions §17203 that this court order restitution of the illicit and excess

22  premiums paid by Plaintiffs as a result of Defendants' unfair business practices.

23      43.    Additionally, as part of the injunctive relief prayed for herein, this court should also

24  require ZURICH to disclose to every current or former policy holder, ZURICH's practices of:

25  refusing to allow audits by an insured of claim files; and refusing to provide for a reasonable

26  mechanism in which an insured can review files.

27  ///

28  ///

Exhibit  1 , Pg. 70

- 10 -
COMPLAINT

1   WHEREFORE, Plaintiffs pray for judgment against ZURICH as follows:

2   ON THE FIRST CAUSE OF ACTION

3       1.      For general and special damages in a sum to be proven at trial with pre-judgment

4   and post-judgment interest thereon at the maximum rate permitted by law;

5   ON THE SECOND CAUSE OF ACTION

6       2.      For recovery of all attorneys' and consultants' fees, costs and expenses incurred to

7   pursue and obtain the benefits of the WC Policies;

8       3.      For general and special damages in a sum to be proven at trial with pre-judgment

9   and post-judgment interest thereon at the maximum rate permitted by law;

10      4.      For punitive and exemplary damages in an amount appropriate to punish or set an

11  example of Defendants;

12  ON THE THIRD CAUSE OF ACTION

13      5.      For equitable relief as determined by this court, including but not limited to, a

14  permanent injunction restraining Defendants from engaging in the unlawful and unfair business

15  practices as pled in this complaint, including Zurich's discriminatory policy of taking away claims

16  handlers in retaliation for insureds not renewing with the company, Zurich's secret policy of

17  changing the number of claim reviews allowed to insureds when they do not renew with Zurich

18  from multiple reviews per year to one review per policy year, Zurich's refusal to allow its insureds

19  to choose defense counsel when a potential or actual conflict of interest exists in handling their

20  claims and Zurich's retaliation against its insureds for not renewing with Zurich through utilizing

21  medical practitioners and defense counsel that Zurich knows have a potential or actual conflict of

22  interest with such insureds;

23      6.      For restitution to Plaintiffs in the form of an order requiring Defendants to pay

24  restitution of the illicit and excess premiums paid by Plaintiffs as a result of Defendants' unfair

25  business practices;

26  ON ALL CAUSES OF ACTION

27      7.      For all costs incurred by Plaintiffs to date and to be incurred by Plaintiffs hereafter

28  in connection with this action; and

Exhibit __1__, Pg. _71_

- 11 -
COMPLAINT

1      8.     For Attorneys' fees in connection with obtaining the injunction prayed for herein

2   pursuant to Code of Civil Procedure §1021.5; and

3      9.     For such other and further relief as the court deems just and proper.

4

5   DATED: October 13 2008              ROXBOROUGH, POMERANCE & NYE LLP

6

7                                       By: _____

8                                           NICHOLAS P. ROXBOROUGH, ESQ.
                                            CRAIG S. PYNES, ESQ.
9                                           Attorneys for Plaintiffs HEALTHSMART PACIFIC,
                                            INC. and FIRST MEDICAL MANAGEMENT, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              Exhibit  1 , Pg. 72

                                    - 12 -
                                  **COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiffs HEALTHSMART PACIFIC, INC. and FIRST MEDICAL MANAGEMENT,

INC. hereby demand a jury trial.

DATED:  October 13 2008        ROXBOROUGH, POMERANCE & NYE LLP

By: _____
    NICHOLAS P. ROXBOROUGH, ESQ.
    CRAIG S. PYNES, ESQ.
    Attorneys for Plaintiffs HEALTHSMART PACIFIC,
    INC. and FIRST MEDICAL MANAGEMENT, INC.

Exhibit  1 , Pg. 73

- 13 -
**COMPLAINT**

**EXHIBIT "A"**

Exhibit __1__, Pg. 74

**ZURICH-AMERICAN INSURANCE GROUP**

COMMERCIAL INSURANCE

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY - INFORMATION PAGE**

Servicing Office:

Insurance for this coverage part provided by:
**ZURICH AMERICAN INSURANCE COMPANY**

**GLENDALE**
**801 NORTH BRAND BOULEVARD**
**PENTHOUSE SUITE**

1. Policy Number WC   9374502-01

Named Insured and Mailing Address
**HEALTHSMART PACIFIC**
**CORPORATION (SEE ENDORSEMENT)**
**2800 Pacific Avenue, Suite A**
**Long Beach CA 90806**

Renewal of Number  WC   9374502-00

Producer and Mailing Address
**SILVERSTONE INS SRVS INC**
**8300 UTICA AVE STE 247**
**RANCHO CUCAMONGA CA 917303852**

Producer Code 77904-000

Other workplaces not shown above:

FEIN: 33-0730569

NCCI Company No. 10863      ☐ New     ☒ Renewal     ☐ Rewrite     of Prior Policy No.

This information page, with policy provisions and endorsements, if any, completes this policy.

Insured is: CORPORATION

2. Policy Period: From 10-15-03 to 10-15-04 at 12:01 A.M. Standard Time at insured's mailing address.

Insured's Identification number(s):
/  WCIRB NUMBER: 3138316

3. A.  Workers Compensation Insurance: Part One of the policy applies to the Workers' Compensation Law of the states listed here: CA

B.  Employers Liability Insurance: Part Two of the policy applies to the work in each state listed in Item 3.A.

The Limits of Liability under Part Two are:      Bodily Injury by Accident      1,000,000   each Accident
                                                 Bodily Injury by Disease      1,000,000   policy limit
                                                 Bodily Injury by Disease      1,000,000   each employee

C.  Other States Insurance: Part Three of the policy applies to the states, if any, listed here:
**ALL STATES EXCEPT ND,OH,WA,WV,WY AND THOSE LISTED IN 3A.**

D.  This policy includes these endorsements and schedules:
See Schedule of Forms and Endorsements

4. The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All information required on the following Classification Schedule is subject to verification and change by audit.
See Classification Schedule

| | | |
|---|---|---|
| TOTAL ESTIMATED STANDARD PREMIUM | $ | 588,999.00 |
| PREMIUM DISCOUNT | $ | |
| EXPENSE CONSTANT | $ | 160.00 |
| PREMIUM FOR ENDORSEMENTS | $ | |
| TAXES AND SURCHARGES | $ | 15,519.00 |
| TOTAL ESTIMATED ANNUAL PREMIUM | $ | 604,678.00 |
| MINIMUM PREMIUM | $ | |
| DEPOSIT PREMIUM | $ | |

If indicated below, adjustments of premium shall be made:

☒ Annually     ☐ Monthly
☐ Semi-Annually  ☐ This is a Three
☐ Quarterly        Year Fixed Rate Policy

Agent or Producer

Countersigned by Resident Licensed Agent

Date

WC 00 00 01A

U-WC-D-314-A (07-94
Page 1 of

Exhibit  1  , Pg.  75

## INSTALLMENT PREMIUM SCHEDULE

The total premium shown in the Declarations of this policy is made payable in installments, on the dates and in the amounts shown below.

| NAMED INSURED | | | POLICY NUMBER |
|---|---|---|---|
| HEALTHSMART PACIFIC | | | WC   9374502-01 |

| PAYMENT DUE | STANDARD PREMIUM | TAXES PREPAID | EXPENSE CONSTANT | TOTAL PREMIUM |
|---|---|---|---|---|
| 11/15/03 | $ 117,800.00 | $ 15,519.00 | $ 160.00 | $ 133,479.00 |
| 12/15/03 | $ 58,900.00 | | | $ 58,900.00 |
| 01/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 02/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 03/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 04/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 05/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 06/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| 07/15/04 | $ 58,900.00 | | | $ 58,900.00 |
| TOTAL | $ 589,000.00 | $ 15,519.00 | $ 160.00 | $ 604,679.00 |

Failure to pay the Installment Premium by the Date Due shown shall constitute non-payment of premium for which we may cancel this policy.

U-GU-405-A (07-
PAGE 1

INSURED COPY

Exhibit __1__, Pg. __76__

**ENDORSEMENT**

This endorsement is issued by the company named on the Information Page.  It forms a part of the policy as of the effective date shown above, at the hour stated on the Information Page.

This endorsement changes the insurance as is afforded by the policy relating to the following:

### SCHEDULE OF INSUREDS AND LOCATIONS

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569

2776 PACIFIC AVENUE
LONG BEACH, CA 90806

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569
4500 E. PACIFIC COAST HIGHWAY
LONG BEACH, CA 90801

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569

2683 PACIFIC AVENUE
LONG BEACH, CA 90806

HEALTHSMART PACIFIC CORPORATION
FEIN #: 330730569

1725 PACIFIC AVENUE
LONG BEACH, CA 90806

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569

2290 PACIFIC AVENUE
LONG BEACH, CA 90806

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569

1740 PACIFIC AVENUE
LONG BEACH, CA 90806

HEALTHSMART PACIFIC CORPORATION
FEIN #: 33-0730569

2689 PACIFIC AVENUE
LONG BEACH, CA 90806

U-WC-178-C (8/93)

INSURED COPY

Exhibit __1__, Pg. 77

**ENDORSEMENT**

This endorsement is issued by the company named on the Information Page.  It forms a part of the policy as of the effective date shown above, at the hour stated on the Information Page.

This endorsement changes the insurance as is afforded by the policy relating to the following:

| NAMED INSURED |
|---|
| HEALTHSMART PACIFIC CORPORATION<br>DBA: PACIFIC HOSPITAL OF LONG BEACH<br>FIRST MEDICAL MANAGEMENT, INC.<br>PACIFIC FAMILY HEALTH CLINIC<br>LONG BEACH PRESCRIPTION PHARMACY<br><br>FEIN #: 33-0730569<br><br>2800 PACIFIC AVENUE, SUITE A<br>LONG BEACH, CA 90806 |

U-WC-178-C (8/93)

INSURED COPY

Exhibit  1 , Pg. 78

**ENDORSEMENT**

This endorsement is issued by the company named on the Information Page.  It forms a part of the policy as of the effective date shown above, at the hour stated on the Information Page.

This endorsement changes the insurance as is afforded by the policy relating to the following:

---

### ADDITION OF CLASS CODE

IT IS HEREBY AGREED THAT CLASS CODE 9043 – HOSPITALS IS ADDED TO THE POLICY.

PAYROLL AND PREMIUM WILL BE DETERMINED AT AUDIT.

---

U-WC-178-C (8/93)

INSURED COPY

Exhibit _1_, Pg. _79_



**ZURICH-AMERICAN INSURANCE GROUP**

COMMERCIAL INSURANCE

**WORKERS COMPENSATION CLASSIFICATION SCHEDULE**

Insurance for this coverage part provided by:
**ZURICH AMERICAN INSURANCE COMPANY**

Policy Number WC   9374502-01

| ITEM 4. CLASSIFICATION OF OPERATIONS | | PREMIUM BASIS | RATES | Estimated Annual Premium | |
|---|---|---|---|---|---|
| Entry in this item, except as specifically provided elsewhere in this policy, does not modify any of the other provisions of this policy. | Code No. | Total Estimated Annual Remuneration | Per $100 of Remuneration | | |
| CALIFORNIA | | | | | |
| Healthsmart Pacific, Inc. | | | | | |
| CLERICAL OFFICE EMPLOYEES-N.O.C. | 8810 | 5,000,000 | 2.14 | $ | 107,000 |
| PHYSICIANS-ALL EMPLOYEES-INCLUD.CLERICAL | 8834 | 25,000,000 | 6.47 | $ | 1,617,500 |
| | | | | $ | 1,724,500 |
| | 0120 | Empl. Liab. | 02.80000 % | $ | 48,286 |
| | | | | $ | 1,772,786 |
| | 9898 | Exp. Mod. | 0.980000 | $ | -35,456 |
| | | | | $ | 1,737,330 |
| | 9663 | Deductible Credit | 0.661648 | $ | -1,149,501 |
| | | | | $ | 587,829 |
| Terr. - cert.loss. | 9740 | | 0.030000 | $ | 9,000 |
| | | | | $ | 596,829 |
| | 9702 | Terrorism - LRARO | 0.130000 | $ | -7,830 |
| | | | | $ | 588,999 |
| | | Tax Assessment | 02.00000 % | $ | 11,780 |
| | | | | $ | 600,779 |
| | | Tax Assessment | 00.09710 % | $ | 1,688 |
| | | | | $ | 602,467 |
| | | Tax Assessment | 00.11800 % | $ | 2,051 |
| | | STATE-TOTAL | | $ | 604,518 |

U-WC-315-A (07-94)
Page 1
Last page

INSURED COPY

Exhibit ___1___, Pg. ___80___

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

WC 00 03 24

(Ed. 08-95)

## WORKERS COMPENSATION INSURANCE PLAN - OTHER STATES ENDORSEMENT

Section A.3. and A.4. under Part Three - Other States Insurance of the Workers Compensation and Employers Liability Insurance Policy are amended to read as follows:

A. How This Insurance Applies:

   3. We will reimburse you for the benefits required by the workers compensation law of that state.

   4. If you have work on the effective date of this policy in any state listed in Item 3.C. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.
    (The information below is required only when this endorsement is issued subsequent to preparation of the policy.)

| | | |
|---|---|---|
| Endorsement Effective | Policy No. | Endorsement No. |
| Insured | | Premium $ |
| Insurance Company | Countersigned By | _____ |

WC 00 03 24

(Ed. 08-95)

Copyright 1995 National Council on Compensation Insurance., Inc.

INSURED COPY

Exhibit ___/___, Pg. 8/

 **ZURICH-AMERICAN** INSURANCE GROUP

**COMMERCIAL INSURANCE**

**SCHEDULE OF FORMS AND ENDORSEMENTS**

Policy Number: WC  9374502-01

| Form Number & Edition Date | | Form Name |
|---|---|---|
| COMMON POLICY FORMS AND ENDORSEMENTS | | |
| U-GU-406-A | 07-94 | INSTALLMENT PREMIUM SCHEDULE |
| FORMS AND ENDORSEMENTS | | |
| U-WC-D-314-A | 07-94 | WORKERS COMPENSATION INFORMATION PAGE |
| U-WC-178-C | 08-93 | MANUSCRIPT ENDORSEMENT |
| U-WC-315-A | 07-94 | CLASSIFICATION SCHEDULE |
| WC000324 | 08-95 | WC INSURANCE PLAN |
| U-WC-320-A | 07-94 | SCHEDULE OF FORMS AND ENDORSEMENTS |
| U-WC-255-C | 05-95 | LARGE DEDUCTIBLE ENDORSEMENT |
| U-WC-159-D | 04-92 | WORKERS COMP & EMPLOYERS LIAB INS POLICY |
| U-WC-400-A | 07-03 | PRIVACY NOTICE |
| U-WC-401-A | 07-03 | PRIVACY NOTICE |
| PN 04 99 01 B | 03-03 | NOTICE TO POLICYHOLDERS |
| PN049902A | 11-00 | CA WORKERS COMP INSURANCE RATING LAWS |
| WC 04 03 01 A | 03-98 | POLICY AMENDMENT ENDT - CA |
| WC 04 06 01 A | 12-93 | CA CANCELLATION ENDORSEMENT |
| U-WC-218-C | 10-93 | EMPL LIAB STOP GAP ENDS |

U-WC-320-A (07-94)
Page 1
Last page

INSURED COPY

Exhibit _1_, Pg. _82_

**LARGE DEDUCTIBLE ENDORSEMENT**

Insurance for this coverage part provided by: ZURICH AMERICAN INSURANCE COMPANY

Named Insured: HEALTHSMART PACIFIC

Policy Number: WC  9374502-01

Effective Date of Endorsement: 10-15-03

Expiration Date: 10-15-04

This deductible endorsement applies between you and us. It does not affect or alter the rights of the policy. You will reimburse us for the deductible amounts that we pay on your behalf. This endorsement will remain in effect on renewals of this policy unless specifically not made a part of such or replaced by a similar endorsement.

States Covered: CA

### SCHEDULE

| Coverage | Deductible Amount/Basis | |
|---|---|---|
| Workers Compensation Bodily Injury By Accident: | $   250,000 | each accident |
| Workers Compensation Bodily Injury By Disease: | $   250,000 | each claim |
| Employers Liability Bodily Injury By Accident: | $   250,000 | each accident |
| Employers Liability Bodily Injury By Disease | $   250,000 | each claim |

**Allocated Loss Adjustment Expense (ALAE) Select One:**

Option 1.  X    ALAE is reimbursed and included in Deductible Amount

Option 2.        ALAE is reimbursed in addition to Deductible Amount

Option 3        ALAE is not reimbursed

### A.  How This Deductible Applies

1.  You agree to reimburse us for:

    a.  Each Accident/each Claim, up to the deductible amount shown in the Schedule above, for the total of:

        (1)  All benefits required of you by the Workers Compensation Law (including benefits payable under Other States Insurance or under any endorsement) and any Federal Act; plus

        (2)  All sums you must pay as damages under Employers Liability Insurance and any Federal Act; plus

    b.  All "allocated loss adjustment expense" as respects any "claim" or suit:

        (1)  As a part of the total of 1.above when you

have elected Option 1, "ALAE is reimbursed and included in the deductible amount" in the Schedule above; or

        (2)  In addition to and not limited by the deductible amount when you have elected Option 2 "ALAE is reimbursed and in addition to the deductible amount", in the Schedule above..

    c.  All assessments we incur related to the deductible amount.

2.  All claims for benefits or damages because of bodily injury by the same or related diseases to any one person will be considered as one claim when determining how the deductible amounts apply. Included are filings by your employee for such benefits with an agency authorized by law, and a suit or other proceeding brought by your employee for such benefits or damages. "By your employee"

WC 99 06 07

INSURED COPY

Exhibit  1 , Pg. 83

includes such action taken by others legally entitled to do so on his or her behalf.

**B. Effect of Deductible on Limits of Liability**

1. With respect to the Employers Liability Insurance provided by this policy, the applicable, "each claim", "each accident", or other similar amount of reimbursement is reduced by the sum of all damages within 1applicable deductible amount shown.

   The payment of "allocated loss adjustment expense" will not affect the amount of reimbursement. This provision applies whether the Employers Liability Insurance is provided by Part Two or by an endorsement to this policy.

2. In the event of a claim, our obligation to pay is the amount available for benefits or damages that remains after the application of the specific loss reimbursement amount.

**C. Definitions**

1. "Claim" means a written demand you receive for:

   a. Benefits required of you by a Workers Compensation law; or

   b. Damages covered by this policy.

2. "Allocated loss adjustment expense" means claim adjustment expense directly allocated by us to a particular "claim". Such expense shall include, but shall not be limited to: attorney's fees; independent adjusters fees; court and alternative dispute resolution costs; medical examinations; expert medical or other testimony; autopsies; witnesses and summonses; copies of documents; arbitration fees; surveillance; appeal bond costs and appeal filing fees; pre and post judgement interest; and medical cost containment expenses. Such expenses shall not include cost of investigation, the salaries and traveling expenses of our employees, other than those salaried employees who preform services which can be directly allocated to the handling of a particular claim.

**D. Conditions**

1. Subrogation

   We have your rights and the rights of persons entitled to the benefits of this insurance to recover losses that are reimbursable under this endorsement and any deductible amount from anyone liable for

the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

If we recover any payment made under this policy from anyone liable for the injury, the amount we recover will first be applied to any payments made by us on this injury in excess of the deductible amount; only then will the remainder of that recovery, if any, be applied to reduce the deductible amount paid or reimbursed or reimbursable by you on this injury.

2. Cancellation

   You must:

   a. Promptly pay us all amounts for which you are responsible under this endorsement; and

   b. Reimburse us for any such amounts that we pay upon receipt of a billing from us.

   If you fail to do so, we will cancel either this endorsement or this policy by provisions of statute.

   If this policy or endorsement is cancelled we will abide by the statutory provisions which govern this policy and return the premium less uncollected advances paid for losses within the deductible including "allocated loss adjustment expenses."

3. Your Duties

   a. The first Named Insured shown on the Information Page is authorized to pay all deductible amounts on behalf of all Named Insureds and to reimburse us for any such amounts that we advance.

   b. Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

4. Other Rights and Duties (Ours and Yours)

   All other terms of this policy, including those which govern:

   a. Our right and duty to defend any "claim", proceeding or suit against you; and

   b. Your duties, if injury occurs;

   apply regardless of application of this deductible endorsement.

WC 99 06 07

U-WC-255-C (5/95)
Page 2 of 2

INSURED COPY

Exhibit ___, Pg. 84



**ZURICH**

# Workers' Compensation and Employers Liability Insurance Policy

*Zurich North America*

Insurance is provided by the company designated on the Information Page.
(A stock insurance company, herein called the Company.)

INSURED COPY

Exhibit _1_, Pg. _85_

WC 00 00 00 A (Ed. 4-92)

# WORKERS' COMPENSATION AND
# EMPLOYERS' LIABILITY INSURANCE POLICY

## PLEASE READ THE POLICY CAREFULLY.

### QUICK REFERENCE

BEGINNING ON PAGE

INFORMATION PAGE

GENERAL SECTION ........................................................ 2
  A.  The Policy ................................................................ 2
  B.  Who Is Insured .......................................................... 2
  C.  Workers' Compensation Law ........................................ 2
  D.  State ........................................................................ 2
  E.  Locations ................................................................. 2

PART ONE—WORKERS' COMPENSATION INSURANCE
  A.  How This Insurance Applies ........................................ 2
  B.  We Will Pay .............................................................. 2
  C.  We Will Defend ......................................................... 2
  D.  We Will Also Pay ....................................................... 2
  E.  Other Insurance ........................................................ 2
  F.  Payments You Must Make ............................................ 3
  G.  Recovery From Others ................................................ 3
  H.  Statutory Provisions ................................................... 3

PART TWO—EMPLOYERS' LIABILITY INSURANCE
  A.  How This Insurance Applies ........................................ 3
  B.  We Will Pay .............................................................. 3
  C.  Exclusions ................................................................ 4
  D.  We Will Defend ......................................................... 4
  E.  We Will Also Pay ....................................................... 4
  F.  Other Insurance ........................................................ 4

BEGINNING ON PAGE

  G.  Limits Of Liability ...................................................... 4
  H.  Recovery From Others ................................................ 5
  I.  Actions Against Us ..................................................... 5

PART THREE—OTHER STATES INSURANCE .......................... 5
  A.  How This Insurance Applies ........................................ 5
  B.  Notice .................................................................... 5

PART FOUR—YOUR DUTIES IF INJURY OCCURS ................... 5

PART FIVE—PREMIUM ...................................................... 5
  A.  Our Manuals ............................................................ 5
  B.  Classifications .......................................................... 6
  C.  Remuneration ........................................................... 6
  D.  Premium Payments .................................................... 6
  E.  Final Premium .......................................................... 6
  F.  Records .................................................................. 6
  G.  Audit ...................................................................... 6

PART SIX—CONDITIONS .................................................... 6
  A.  Inspection ................................................................ 6
  B.  Long Term Policy ...................................................... 6
  C.  Transfer Of Your Rights And Duties .............................. 6
  D.  Cancelation ............................................................. 7
  E.  Sole Representative .................................................... 7

**IMPORTANT:**

This Quick Reference is not part of the Workers' Compensation and Employers' Liability Insurance Policy and does not provide coverage. Refer to the Workers' Compensation and Employers' Liability Insurance Policy itself for actual contractual provisions.



Exhibit _1_, Pg. _86_

# ZURICH AMERICAN INSURANCE COMPANY

## WORKERS' COMPENSATION AND EMPLOYERS' LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

## GENERAL SECTION

**A. The Policy**

This policy includes at its effective date the Information Page and all endorsements and Schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who Is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers' Compensation Law**

Workers' Compensation Law means the workers' or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers' or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

**D. State**

State means any state of the United States of America, and the District of Columbia.

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A states unless you have other insurance or are self-insured for such workplaces.

## PART ONE—WORKERS' COMPENSATION INSURANCE

**A. How This Insurance Applies**

This workers' compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers' compensation law.

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

**D. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

**E. Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

WC 102 (4-92)
WC 00 00 00 A (Ed. 4-92)

Exhibit _1_, Pg. _81_

### F. Payments You Must Make

You are responsible for any payments in excess of the benefits regularly provided by the workers' compensation law including those required because:

1. of your serious and willful misconduct;

2. you knowingly employ an employee in violation of law;

3. you fail to comply with a health or safety law or regulation; or

4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers' compensation law.

If we make any payments in excess of the benefits regularly provided by the workers' compensation law on your behalf, you will reimburse us promptly.

### G. Recovery From Others

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

### H. Statutory Provisions

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.

2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.

3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.

4. Jurisdiction over you is jurisdiction over us for purposes of the workers' compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.

5. This insurance conforms to the parts of the workers' compensation law that apply to:

   a. benefits payable by this insurance;

   b. special taxes, payments into security or other special funds, and assessments payable by us under that law.

6. Terms of this insurance that conflict with the workers' compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

## PART TWO—EMPLOYERS' LIABILITY INSURANCE

### A. How This Insurance Applies

This employers' liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

### B. We Will Pay

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers' Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. for care and loss of services; and

3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

Exhibit _1_, Pg. _88_

the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

### C. Exclusions

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. any obligation imposed by a workers' compensation, occupational disease, unemployment compensation or disability benefits law or any similar law;

5. bodily injury intentionally caused or aggravated by you;

6. bodily injury occurring outside the United States of America, its territories or possessions and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers' or workmen's compensation law or other federal occupational disease law, or any amendments to these laws;

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an

employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10. bodily injury to a master or member of the crew of any vessel;

11. fines or penalties imposed for violation of federal or state law; and

12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

### D. We Will Defend

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

### E. We Will Also Pay

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;

2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;

3. litigation costs taxed against you;

4. interest on a judgment as required by law until we offer the amount due under this insurance; and

5. expenses we incur.

### F. Other Insurance

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

### G. Limits Of Liability

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B of the Information Page. They apply as explained below.

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

WC 102 (4-92)
WC 00 00 00 A (Ed. 4-92)

Exhibit _1_ , Pg. _89_

1. Bodily Injury by Accident. The limit shown for "bodily injury by accident—each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

   A disease is not bodily injury by accident unless it results directly from bodily injury by accident.

2. Bodily Injury by Disease. The limit shown for "bodily injury by disease—policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease—each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

   Bodily injury by disease does not include disease that results directly from a bodily injury by accident.

3. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

### H. Recovery From Others

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

### I. Actions Against Us

There will be no right of action against us under this insurance unless:

1. you have complied with all the terms of this policy; and

2. the amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligation under this Part.

## PART THREE—OTHER STATES INSURANCE

### A. How This Insurance Applies

1. This other states insurance applies only if one or more states are shown in Item 3.C of the Information Page.

2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A of the Information Page.

3. We will reimburse you for the benefits required by the workers' compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

4. If you have work on the effective date of this policy in any state not listed in Item 3.A of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

### B. Notice

Tell us at once if you begin work in any state listed in Item 3.C of the Information Page.

## PART FOUR—YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers' compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE—PREMIUM

### A. Our Manuals

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

Exhibit _1_, Pg. _96_

**B. Classifications**

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

**C. Remuneration**

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. all your officers and employees engaged in work covered by this policy; and

2. all other persons engaged in work that could make us liable under Part One (Workers' Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2. will not apply if you give us proof that the employers of these persons lawfully secured their workers' compensation obligations.

**D. Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers' compensation law is not valid.

**E. Final Premium**

The premium shown on the Information Page, Schedules and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise.

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.

2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short rate cancelation table and procedure. Final premium will not be less than the minimum premium.

**F. Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

**G. Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

## PART SIX—CONDITIONS

**A. Inspection**

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

**B. Long Term Policy**

If the policy is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

**C. Transfer Of Your Rights And Duties**

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

WC 102 (4-92)
WC 00 00 00 A (Ed. 4-92)

Exhibit ___1___, Pg. _91_

D. Cancelation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.

3. The policy period will end on the day and hour stated in the cancelation notice.

4. Any of these provisions that conflicts with a law that controls the cancelation of the insurance in this policy is changed by this statement to comply with that law.

E. Sole Representative

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium and give or receive notice of cancelation.

WC 102 (4-92)
WC 00 00 00 A (Ed. 4-92)

Copyright 1991 National Council on Compensation Insurance.

INSURED COPY

Page 7 of 7

Exhibit _1_, Pg. 92

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

Corporate Secretary

President



**ZURICH**

Zurich North America

Zurich Towers
1400 American
Schaumburg, IL
60196-1056

www.zurichna.com

U-WC-169-D
WC 00 00 00 A   (ed. 4/92)

INSURED COPY

Exhibit _1_, Pg. _93_



## PRIVACY NOTICE

### For workers compensation claimants who live in California

We care about your privacy.

This Privacy Notice applies if you make a claim for benefits covered by a workers compensation policy issued by a member company of Zurich North America listed below.

We believe that you have a right to know what we do with the personal information ("PI") we collect to process your claim.

Your PI includes personal, privileged, and medical record information.

Personal information includes any individually identifiable information we collect.

Privileged information relates to a claim for insurance benefits or a civil or criminal proceeding.

Medical record information relates to your physical or mental condition, medical history or medical treatment.

We do not market or sell your PI.

This Privacy Notice is based on the laws of California.

### Types of PI We Collect

The PI we may collect includes: name; email and home addresses; phone number; social security number; date of birth; marital status; wages; income; bank and tax records and medical record information.

The medical record information we may collect includes: medical history, treatment, care, and doctor's records.

We may collect PI from you, or from other sources like your employer, investigative agencies, police, doctors, and medical care institutions.

We may also collect PI when you use our web sites to report a claim. It may be obtained through online collecting devices known as "cookies" (see our Online Privacy Notice at ZURICHNA.COM).

### Types of PI We Share

We may disclose the PI we collect about you unless prohibited by law.

### Sharing of Your PI

Sharing of your PI is allowed without your permission for some purposes.

We will share your PI, as permitted or required by law, with employees and third parties who service your claim.

We also share your PI as follows:

- To insurance companies and others to detect or prevent criminal activity or fraud;
- To medical and service providers;
- To insurance regulatory and support organizations;
- To agents and brokers;
- To a law enforcement or other agency;
- In response to an administrative, or judicial order, including a subpoena;
- As part of a sale, transfer or merger, of our business;
- To the policy owner; and,
- As permitted or required by law.

We may also share your PI where authorized by you.

U-WC-400-A
Edition 7/03

1

INSURED COPY

Exhibit _1_, Pg. 94

<u>Security of PI</u>

We control access to your PI.

We have physical, electronic, and procedural safeguards to protect against the misuse of your PI.

<u>Changes to this Privacy Notice</u>

We may change this Privacy Notice in the future.

We will provide you a new Privacy Notice when required by law.

If you want a copy of this Privacy Notice or have any questions about this Privacy Notice, please write us at: Zurich North America, T-2-FL.11 Privacy Management Office, 1400 American Lane, Schaumburg, IL. 60196-1056.

Please include your name, address, phone number and Zurich claim number.

<u>Privacy Notices from Other Zurich Affiliated Companies</u>

You may receive privacy notices from other companies, affiliates and subsidiaries of Zurich Financial Services.

Those privacy notices are separate and in addition to this Privacy Notice.

The terms of this Privacy Notice do not modify, revise, or amend the terms of other privacy notices received from other companies, affiliates and subsidiaries of Zurich Financial Services.

<u>Zurich North America Member Insurance Companies</u>

**American Guaranty and Liability Insurance Company**
Licensed in: All states including DC

**American Zurich Insurance Company**
Licensed in: All states including DC

**Assurance Company of America**
Licensed in: All states including DC

**Colonial American Casualty and Surety Company**
Licensed in: All states including DC, excluding ME, NH

**The Fidelity and Deposit Company of Maryland**
Licensed in: All states including DC, PR, Guam, U.S. Virgin Islands

**Maine Bonding and Casualty Company**
Licensed in: AK, AR, DC, ME, MA, NE, NH, ND, OH, OR, RI, SD, VT, WA

**Maryland Casualty Company**
Licensed in: All states including DC, PR, U.S. Virgin Islands, Guam

**National Standard Insurance Company**
Licensed in: AL, AK, AR, DC, ID, IA, KY, LA, NE, NM, ND, OH, OR, OK, SD, TX, WA

**Northern Insurance Company of New York**
Licensed in: All states including DC

**Maryland Insurance Company**
Licensed in: AL, AK, AR, DC, ID, IL, IA, KY, LA, NE, NM, ND, OK, OR, SD, TX, WA, WI

**Valiant Insurance Company**
Licensed in: All states including DC, excluding HI, MA, NV

**Zurich American Insurance Company of Illinois**
Licensed in: All states including DC, excluding AL, DE, HI, ME, MA, NH, NJ, NY, NC, PA, VT, WA, WY

**Zurich American Insurance Company**
Licensed in: All states including DC, PR, U.S. Virgin Islands

Not all products and services are provided by all insurance companies in all states; and are not available in a state in which an insurance company is not licensed; except as permitted by law.

U-WC-400-A
Edition 7/03

2

INSURED COPY

Exhibit _1_, Pg. _95_

**ZURICH**

**PRIVACY NOTICE**

**For workers compensation claimants who do not live in California**

We care about your privacy.

This Privacy Notice applies if you make a claim for benefits covered by a policy issued by a member company of Zurich North America which are listed below.

We believe that you have a right to know what we do with the personal information ("PI") we collect to process your claim. Your PI includes both non-public personal financial ("NPFI") and non-public personal health information ("NPHI").

NPFI includes personally identifiable information collected from you to process your claim transaction. NPHI relates to your physical, or mental condition, medical history, treatment, care and doctor's records.

We do not market or sell your PI.

Our Privacy Notice is based on the laws of your state.

**Types of PI We Collect**

The NPFI we may collect includes name; e-mail address; home address; telephone number; social security number; date of birth; marital status; wages; income; bank records; and tax records.

The NPHI we may collect includes medical history, treatment, care and doctor's records.

We may collect PI directly from you, or from other sources such as your employer, investigative agencies, police, doctors and medical care institutions.

We may also collect PI when you use our websites to report a claim. It may be obtained through online collecting devices known as "cookies" (see our Online Privacy Notice at www.zurichna.com).

**Types of PI We Share**

We may disclose the PI we collect about you unless prohibited by law.

**Sharing of Your PI**

Sharing of your PI is allowed without your permission for some purposes.

We will share your PI, as permitted or required by law, with employees and third parties who service your claim.

We also share your PI as follows:

- To insurance companies and others to detect or prevent criminal activity or fraud;
- To medical and service providers;
- To insurance regulatory and support organizations;
- To agents and brokers;
- To a law enforcement or other agency;
- In response to an administrative, or judicial order, including a subpoena;
- As part of a sale, transfer or merger, of our business;
- To the policy owner; and,
- As permitted or required by law.

We may also share your PI where authorized by you.

**Security of Information**

U-WC-401-A
Edition 7/03

1

INSURED COPY

Exhibit _1_, Pg. _96_

We control access to your PI.

We have physical, electronic and procedural safeguards to protect against the misuse of your PI.

**Changes to this Privacy Notice**

We may change this Privacy Notice in the future. We will provide you a new Privacy Notice when required by law.

If you want a copy of this Privacy Notice or have questions or concerns about this Privacy Notice, please write us at the following address: Zurich North America, T-2-FL11 Privacy Management Office, 1400 American Lane, Schaumburg, IL 60196-1056.

Please include your name, address, phone number and Zurich claim number when contacting us.

**Privacy Notices from Other Zurich Affiliated Companies**

You may receive Privacy Notices from other companies, affiliates and subsidiaries of Zurich Financial Services. Those Privacy Notices are separate and in addition to this Privacy Notice.

The terms of this Privacy Notice do not modify, revise, or amend the terms of other privacy notices received from other companies, or subsidiaries of Zurich Financial Services.

**Zurich North America Member Insurance Companies**

**American Guaranty and Liability Insurance Company**
Licensed in: All states including DC

**American Zurich Insurance Company**
Licensed in: All states including DC

**Assurance Company of America**
Licensed in: All states including DC

**Colonial American Casualty and Surety Company**
Licensed in: All states including DC, excluding ME, NH

**The Fidelity and Deposit Company of Maryland**
Licensed in: All states including DC, PR, Guam, U.S. Virgin Islands

**Maine Bonding and Casualty Company**
Licensed in: AK, AR, DC, ME, MA, NE, NH, ND, OH, OR, RI, SD, VT, WA

**Maryland Casualty Company.**
Licensed in: All states including DC, PR, U.S. Virgin Islands, Guam

**National Standard Insurance Company**
Licensed in: AL, AK, AR, DC, ID, IA, KY, LA, NE, NM, ND, OH, OR, OK, SD, TX, WA

**Northern Insurance Company of New York**
Licensed in: All states including DC

**Maryland Insurance Company**
Licensed in: AL, AK, AR, DC, ID, IL, IA, KY, LA, NE, NM, ND, OK, OR, SD, TX, WA, WI

**Valiant Insurance Company**
Licensed in: All states including DC, excluding HI, MA, NV

**Zurich American Insurance Company of Illinois**
Licensed in: All states including DC, excluding AL, DE, HI, ME, MA, NH, NJ, NY, NC, PA, VT, WA, WY

**Zurich American Insurance Company**
Licensed in: All states including DC, PR, U.S. Virgin Islands

Not all products and services are provided by all insurance companies in all states; and are not available in a state in which an insurance company is not licensed; except as otherwise permitted by law.

U-WC-401-A
Edition 7/03

**2**

INSURED COPY

Exhibit  1 , Pg. 97

PN 04 99 01 B
(Ed. 03-03)

# POLICYHOLDER NOTICE

## YOUR RIGHT TO RATING AND DIVIDEND INFORMATION

1. **RATING AND CLAIMS INFORMATION.** Pursuant to Section 11752.6 of the California Insurance Code, upon written request, you are entitled to information relating to loss experience, claims, classification assignments, and policy contracts, as well as rating plans, rating systems, manual rules, or other information impacting your premium that is maintained in the records of the Workers' Compensation Insurance Rating Bureau of California ("WCIRB"), a rating organization licensed by the California Insurance Commissioner. Requests for policyholder information should be forwarded to: WCIRB, 525 Market Street, Suite 800, San Francisco, California 94105-2716, Attention: Custodian of Records. The Custodian of Records can be reached by telephone at 1-888-229-2472, and the fax number is 415-778-7272.

   Pursuant to Sections 3761 and 3762 of the California Labor Code, you are also entitled to receive information in our claim files that affects your premium.

2. **POLICYHOLDER OMBUDSMAN.** Pursuant to California Insurance Code Sections 11752.6(g) and (h)(1), a policyholder ombudsman is available at the WCIRB to assist you in obtaining and evaluating the information referenced above. The ombudsman may advise you on any dispute with us, the WCIRB, or on an appeal to the Insurance Commissioner pursuant to Section 11737 of the Insurance Code. The address of the policyholder ombudsman is WCIRB, 525 Market Street, Suite 800, San Francisco, California 94105-2716, Attention: Policyholder Ombudsman. The policyholder ombudsman can be reached by telephone at 415-777-0777 and by fax at 415-778-7007.

3. **CALIFORNIA DEPARTMENT OF INSURANCE.** Information and assistance on policy questions can be obtained from the Department of Insurance Consumer HOTLINE, 1-800-927-HELP (4357).

4. **STATISTICAL REPORTING.** For claims covered under this policy, we will estimate the ultimate cost of unsettled claims for statistical purposes eighteen months after the policy becomes effective and will report those estimates to the WCIRB no later than twenty months after the effective date of the policy. The cost of any settled claims will also be reported at that time. At twelve-month intervals thereafter, we will update and report to the WCIRB the estimated cost of any unsettled claims and the actual final cost of any claims settled in the interim. The amounts we report will be used by the WCIRB to compute your experience modification if you are eligible for experience rating.

5. **DIVIDEND CALCULATION.** If this is a participating policy (a policy on which a dividend may be paid), upon payment or non-payment of a dividend, we shall provide a written explanation to you that sets forth the basis of the dividend calculation. The explanation will be in clear, understandable language and will express the dividend as a dollar amount and as a percentage of the earned premium for the policy year on which the dividend is calculated.

6. **DISPUTING OUR ACTIONS.** Pursuant to Insurance Code Section 11753.1(b), you may request, in writing, that we reconsider a change in a classification assignment that results in an increased premium. You may also request, in writing, that we review the manner in which our rating system has been applied in connection with the insurance afforded or offered you pursuant to Insurance Code Section 11737(c). Written requests that we reconsider or review our actions should be forwarded to:
   ZURICH AMERICAN INSURANCE COMPANY, 801 N. BRAND BLVD.
   GLENDALE, CA 91203  PHONE: 818-265-2900

7. **DISPUTING THE ACTIONS OF THE WCIRB.** If you have been aggrieved by any decision, action, or omission to act of the WCIRB, you may request, in writing, that the WCIRB reconsider its decision, action, or omission to act pursuant to Insurance Code Section 11753.1(a). You may also request, in writing, that the WCIRB review the manner in which its rating system has been applied in connection with the insurance afforded or offered you pursuant to Insurance Code Section 11737(c). Written requests for reconsideration or requests for review regarding the actions of the WCIRB should be forwarded to: WCIRB, 525 Market Street, Suite 800, San Francisco, California 94105-2716, Attention: Complaints and Reconsiderations. The WCIRB's telephone number is 1-888-229-2472, and the fax number is 415-371-5204.

© 2003 by the Workers' Compensation Insurance Rating Bureau of California. All rights reserved.

Page 1 of 2

INSURED COPY

Exhibit _1_, Pg. _98_

PN 04 99 01 B
(Ed. 03-03)

8.  **APPEAL TO THE INSURANCE COMMISSIONER.** After you send your written request for policyholder information, reconsideration, or review of the manner in which the rating system has been applied in connection with the insurance afforded or offered you, we, or the WCIRB, have 30 days to provide you written notice indicating whether or not your written request will be reviewed. If we, or the WCIRB, agree to review your request, we, or the WCIRB, must conduct the review and issue a decision granting or rejecting your request within 60 days after sending you the written notice granting review. If we, or the WCIRB, decline to review your request, or if you are dissatisfied with the decision upon review, or if your request is rejected or not acted upon, you may appeal to the Insurance Commissioner pursuant to the provisions of Insurance Code Sections 11752.6(c), 11753.1(a) and (b), or 11737(c) and Title 10, California Code of Regulations, Section 2509.40 et seq. You must make your appeal within 30 days after we, or the WCIRB, send you the notice denying review of your request or the decision upon review. If no written decision regarding your request for policyholder information, reconsideration, or review is sent, your appeal must be filed within 120 days after you sent your request to us, or the WCIRB. The filing address for all appeals to the Commissioner is:

> Administrative Hearing Bureau
> California Department of Insurance,
> 45 Fremont Street, 22nd Floor
> San Francisco, California 94105

The Insurance Commissioner will hold a hearing upon your appeal and may either affirm, modify, or reverse our action or that of the WCIRB.

This notice does not change the policy to which it is attached.

© 2003 by the Workers' Compensation Insurance Rating Bureau of California. All rights reserved.

INSURED COPY

Exhibit  *1* , Pg. *99*

PN 04 99 02 A
(Ed. 11-00)

# POLICYHOLDER NOTICE

## CALIFORNIA WORKERS' COMPENSATION
## INSURANCE RATING LAWS

Pursuant to Section 11752.8 of the California Insurance Code, we are providing you with an explanation of the California workers' compensation rating laws.

1. We establish our own rates for workers' compensation. Our rates, rating plans, and related information are filed with the insurance commissioner and are open for public inspection.

2. The insurance commissioner can disapprove our rates, rating plans, or classifications only if he or she has determined after public hearing that our rates might jeopardize our ability to pay claims or might create a monopoly in the market. A monopoly is defined by law as a market where one insurer writes 20% or more of that part of the California workers' compensation insurance that is not written by the State Compensation Insurance Fund. If the insurance commissioner disapproves our rates, rating plans, or classifications, he or she may order an increase in the rates applicable to outstanding policies.

3. Rating organizations may develop pure premium rates that are subject to the insurance commissioner's approval. A pure premium rate reflects the anticipated cost and expenses of claims per $100 of payroll for a given classification. Pure premium rates are advisory only, as we are not required to use the pure premium rates developed by any rating organization in establishing our own rates.

4. We must adhere to a single, uniform experience rating plan. If you are eligible for experience rating under the plan, we will be required to adjust your premium to reflect your claim history. A better claim history generally results in a lower experience rating modification; more claims, or more expensive claims, generally result in a higher experience rating modification. The uniform experience rating plan, which is developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner.

5. A standard classification system, developed by the insurance rating organization designated by the insurance commissioner, is subject to approval by the insurance commissioner. The standard classification system is a method of recognizing and separating policyholders into industry or occupational groups according to their similarities and/or differences. We can adopt and apply the standard classification system or develop and apply our own classification system, provided we can report the payroll, expenses, and other costs of claims in a way that is consistent with the uniform statistical plan or the standard classification system.

6. Our rates and classifications may not violate the Unruh Civil Rights Act or be unfairly discriminatory.

7. We will provide an appeal process for you to appeal the way we rate your insurance policy. The process requires us to respond to your written appeal within 30 days. If you are not satisfied with the result of your appeal, you may appeal our decision to the insurance commissioner.

## CALIFORNIA WORKERS' COMPENSATION INSURANCE
## NOTICE OF NONRENEWAL

Section 11664 of the California Insurance Code requires us, in most instances, to provide you with a notice of nonrenewal. Except as specified in paragraphs 1 through 6 below, if we elect to nonrenew your policy, we are required to deliver or mail to you a written notice stating the reason or reasons for the nonrenewal of the policy. The notice is required to be sent to you no earlier than 120 days before the end of the policy period and no later than 30 days before the end of the policy period. If we fail to provide you the required notice, we are required to continue the coverage under the policy with no change in the premium rate until 60 days after we provide you with the required notice.

Page 1 of 2

INSURED COPY

Exhibit _1_ , Pg. _100_

PN 04 99 02 A
(Ed. 11-00)

We are not required to provide you with a notice of nonrenewal in any of the following situations:

1. Your policy was transferred or renewed without a change in its terms or conditions or the rate on which the premium is based to another insurer or other insurers who are members of the same insurance group as us.

2. The policy was extended for 90 days or less and the required notice was given prior to the extension.

3. You obtained replacement coverage or agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

4. The policy is for a period of no more than 60 days and you were notified at the time of issuance that it may not be renewed.

5. You requested a change in the terms or conditions or risks covered by the policy within 60 days prior to the end of the policy period.

6. We made a written offer to you to renew the policy at a premium rate increase of less than 25 percent.

   (A) If the premium rate in your governing classification is to be increased 25 percent or greater and we intend to renew the policy, we shall provide a written notice of a renewal offer not less than 30 days prior to the policy renewal date. The governing classification shall be determined by the rules and regulations established in accordance with California Insurance Code Section 11750.3(c).

   (B) For purposes of this Notice, "premium rate" means the cost of insurance per unit of exposure prior to the application of individual risk variations based on loss or expense considerations such as scheduled rating and experience rating.

After receiving a notice of nonrenewal, either you or the agent or broker of record on your nonrenewed policy can request, in writing, a premium and loss history report for your account's tenure or for the past three years, whichever is shorter, in addition to loss experience during the current policy year. This information will be provided within 10 business days of receiving the written request.

This notice does not change the policy to which it is attached.

INSURED COPY

Exhibit __1__, Pg. _101_

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY                    WC 04 03 01 A

# POLICY AMENDATORY ENDORSEMENT—CALIFORNIA

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

1. **Minors Illegally Employed—Not Insured.** This policy does not cover liability for additional compensation imposed on you under Section 4557, Division IV, Labor Code of the State of California, by reason of injury to an employee under sixteen years of age and illegally employed at the time of injury.

2. **Punitive or Exemplary Damages—Uninsurable.** This policy does not cover punitive or exemplary damages where insurance of liability therefor is prohibited by law or contrary to public policy.

3. **Increase in Indemnity Payment—Reimbursement.** You are obligated to reimburse us for the amount of increase in indemnity payments made pursuant to Subdivision (d) of Section 4650 of the California Labor Code, if the late indemnity payment which gives rise to the increase in the amount of payment is due less than seven (7) days after we receive the completed claim form from you. You are obligated to reimburse us for any increase in indemnity payments not covered under this policy and will reimburse us for any increase in indemnity payment not covered under the policy when the aggregate total amount of the reimbursement payments paid in a policy year exceeds one hundred dollars ($100).

   If we notify you in writing, within 30 days of the payment, that you are obligated to reimburse us, we will bill you for the amount of increase in indemnity payment and collect it no later than the final audit. You will have 60 days, following notice of the obligation to reimburse, to appeal the decision of the insurer to the Department of Insurance.

4. **Application of Policy.** Part One, "Workers Compensation Insurance", A, "How This Insurance Applies", is amended to read as follows:

   This workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom. Bodily injury by accident must occur during the policy period. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing, or aggravating such bodily injury by disease must occur during the policy period.

5. **Rate Changes.** The premium and rates with respect to the insurance provided by this policy by reason of the designation of California in Item 3 of the Information Page are subject to change if ordered by the Insurance Commissioner of the State of California pursuant to Section 11737 of the California Insurance Code.

Copyright 1998 by the Workers' Compensation Insurance Rating Bureau of California. All rights reserved.
From the WCIRB's California Workers' Compensation Insurance Forms Manual Copyright 1999

INSURED COPY

Exhibit _1_, Pg. _102_

**WC 04 03 01A**                    WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

6. **Long Term Policy.** If this policy is written for a period longer than one year, all the provisions of this policy shall apply separately to each consecutive twelve-month period or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.

7. **Statutory Provision.** Your employee has a first lien upon any amount which becomes owing to you by us on account of this policy, and in the case of your legal incapacity or inability to receive the money and pay it to the claimant, we will pay it directly to the claimant.

It is further agreed that this policy, including all endorsements forming a part thereof, constitutes the entire contract of insurance. No condition, provision, agreement, or understanding not set forth in this policy or such endorsements shall affect such contract or any rights, duties, or privileges arising therefrom.

Copyright 1998 by the Workers' Compensation Insurance Rating Bureau of California. All rights reserved.
From the WCIRB's California Workers' Compensation Insurance Forms Manual Copyright 1999.

INSURED COPY

Exhibit _1_, Pg. _103_

WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY          WC 04 06 01 A

# CALIFORNIA CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Information page.

The cancelation condition in Part Six (Conditions) of the policy is replaced by these conditions:

Cancelation

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy for one or more of the following reasons:

   a. Non-payment of premium;

   b. Failure to report payroll;

   c. Failure to permit us to audit payroll as required by the terms of this policy or of a previous policy issued by us;

   d. Failure to pay any additional premium resulting from an audit of payroll required by the terms of this policy or any previous policy issued by us;

   e. Material misrepresentation made by you or your agent;

   f. Failure to cooperate with us in the investigation of a claim;

   g. Failure to comply with Federal or State safety orders;

   h. Failure to comply with written recommendations of our designated loss control representatives;

   i. The occurrence of a material change in the ownership of your business;

   j. The occurrence of any change in your business or operations that materially increases the hazard for frequency or severity of loss;

   k. The occurrence of any change in your business or operation that requires additional or different classification for premium calculation;

   l. The occurrence of any change in your business or operation which contemplates an activity excluded by our reinsurance treaties.

3. If we cancel your policy for any of the reasons listed in (a) through (f), we will give you 10 days advance written notice, stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice. If we cancel your policy for any of the reasons listed in items (g) through (l), we will give you 30 days advance written notice; however, we agree that in the event of cancelation and reissuance of a policy effective upon a material change in ownership or operations, notice will not be provided.

4. The policy period will end on the day and hour stated in the cancelation notice.

INSURED COPY

Exhibit __1__, Pg. _104_

# EMPLOYER'S LIABILITY
# (STOP GAP) ENDORSEMENT



**ZURICH**

[X] Zurich American Insurance Company

[ ] American Guarantee Zurich and Liability Insurance Company

[ ] Zurich American Insurance Company of Illinois

[ ] American Zurich Insurance Company

| Policy No. | Exp. Date of Pol. | Eff. Date of End. | Agency No. | Addl. Prem. | Return Prem. |
|---|---|---|---|---|---|
| WC  9374502-01 | 10-15-04 | | 77904-000 | INCL. | |

This endorsement applies only to the monopolistic states shown in the Schedule.

A. Part One (Workers- Compensation Insurance) does not apply to work in monopolistic state fund states.

B. Part Two (Employers- Liability Insurance) applies to work in states shown in the Schedule as though they were shown in item 3.A. of the Information Page.

## SCHEDULE

States   ND , OH , WA , WV , WY

C. Part Two (Employers- Liability Insurance), C. Exclusions is replaced by the following exclusions:

This insurance does not cover:

1. Liability assumed under a contract.  This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. Any obligation imposed by a workers- compensation, occupational disease, unemployment compensation, disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you, or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur, if you are designated in the Declarations as a partnership or an organization other than a partnership or joint venture, by any executive officer, director, stockholder or partner thereof.

   Exclusion 5. shall not exclude coverage for your legal liability other than benefits or compensation provided for under any workers' compensation act, resulting from the intentional act of an employee or agent (other than an executive officer, director, stockholder, or partner) that produce injury or death to another employee when such act is committed within the scope of employment;

6. Bodily injury occurring outside the policy territory;

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

8. Bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901 - 950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171 - 8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331 - 1356), the Defense Base Act (42 USC Sections 1651 - 1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections

WC 99 03 02

U-WC-218-C (10/93)
Page 1 of 2

INSURED COPY



Exhibit  1 , Pg. 105

901 -942), any other federal workers or workmens- compensation law or other federal occupation disease law, or any amendments to these laws;

9.   Bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51 - 60), any federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws;

10.   Bodily injury to a master or member of the crew of any vessel;

11.   Any premium assessment, penalty, fine, benefits or other obligation imposed by workers' compensation, employment compensation or disability benefits law or under similar law;

12.   Damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801 - 1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws;

13.   Bodily injury suffered by any employee whose remuneration has not been included in the total remuneration upon which premium for this endorsement is based;

14.   Bodily injury to any member of the flying crew of any aircraft;

15.   Any claim for bodily injury with respect to which you are deprived of any defense of defenses, or which is otherwise subject to penalty because of default in premium payment under, or any failure to comply with, the provisions of any workers- compensation law;

16.   Bodily injury to an employee when you are deprived of common law defenses or are subject to penalty because of your failure to secure your obligation under the workers- compensation law of the state(s) indicated in the schedule of this Coverage Part or otherwise fail to comply with that law.

WC 99 03 02

U-WC-218-C (10/93)
Page 2 of 2

INSURED COPY

Exhibit __1__ , Pg. _106_



**ZURICH**

# IMPORTANT DISCLOSURE NOTICE-WORKERS COMPENSATION

We are making the following informational disclosures in compliance with The Terrorism Risk Insurance Act of 2002. No action is required on your part.

### Disclosure of Terrorism Premium

The premium charge for risk of loss resulting from acts of terrorism (as defined in the Act) under the policy is $1,170

### Disclosure of Availability of Coverage for Terrorism Losses

As required by the Terrorism Risk Insurance Act of 2002, the member companies of Zurich North America make available coverage for losses resulting from acts of terrorism (as defined in the Act) with terms, amounts, and limitations that do not differ materially as those for losses arising from events other than acts of terrorism.

### Disclosure of Federal Share of Insurance Company's Terrorism Losses

The Terrorism Risk Insurance Act of 2002 establishes a mechanism by which the United States government will share in insurance company losses resulting from acts of terrorism (as defined in the Act) after an insurance company has paid losses in excess of an annual aggregate deductible. For 2002, the insurance company deductible is 1% of direct earned premium in the prior year; for 2003, 7% of direct earned premium in the prior year; for 2004, 10% of direct earned premium in the prior year; and for 2005, 15% of direct earned premium in the prior year. The federal share of an insurance company's losses above its deductible is 90%. In the event the United States government participates in losses, the United States government may direct insurance companies to collect a terrorism surcharge from policyholders. The Act does not currently provide for insurance industry or United States government participation in terrorism losses that exceed $100 billion in any one calendar year.

### Definition of Act of Terrorism

The Terrorism Risk Insurance Act defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:
1. to be an act of terrorism;
2. to be a violent act or an act that is dangerous to human life, property or infrastructure;
3. to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of title 49, United 17 States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and
4. to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

U-WC-397-A (1/03)
Page 1 of 2

Exhibit _1_, Pg. _107_

These disclosures are informatio.. . only and do not modify the policy or c.. .ct your rights under the policy.

## WORKERS COMPENSATION

| State | State Rate per $100 Payroll | State | State Rate per $100 Payroll |
|-------|------------------------------|-------|------------------------------|
| AK | 0.03 | MN | 0.02 |
| AL | 0.01 | MO | 0.03 |
| AR | 0.01 | MS | 0.01 |
| AZ | 0.03 | MT | 0.01 |
| CA | 0.03 | NC | 0.02 |
| CO | 0.02 | NE | 0.03 |
| CT | 0.03 | NH | 0.02 |
| DC | 0.04 | NJ | 0.02 |
| DE | 0.02 | NM | 0.01 |
| FL | 0.03 | NV | 0.04 |
| GA | 0.03 | NY | N/A |
| HI | 0.02 | OK | 0.01 |
| IA | 0.01 | OR | 0.03 |
| ID | 0.02 | PA | 0.03 |
| IL | 0.02 | RI | 0.03 |
| IN | 0.03 | SC | 0.03 |
| KS | 0.01 | SD | 0.01 |
| KY | 0.03 | TN | 0.02 |
| LA | 0.01 | TX | 0.03 |
| MA | 0.02 | UT | 0.02 |
| MD | 0.02 | VA | 0.02 |
| ME | 0.01 | VT | 0.01 |
| MI | 0.02 | WI | 0.02 |

These disclosures are informational only and do not modify your policy or affect your rights under the policy.

Copyright Zurich American Insurance Company 2002

U-WC-397-A (1/03)
Page 2 of 2

Exhibit _1_, Pg. _108_

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## SACV08- 1207 JVS (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HEALTHSMART PACIFIC, INC., a California Corporation; and FIRST MEDICAL MANAGEMENT, INC., a California Corporation | ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Nicholas P. Roxborough, Esq. ROXBOROUGH, POMERANCE & NYE LLP 5820 Canoga Avenue, Suite 205 Woodland Hills, California 91367 Tel: (818) 992-9999/Fax: (818) 992-9991 | Conrad V. Sison, Esq. LOCKE LORD BISSELL & LIDDELL LLP 300 South Grand Avenue, Suite 2600 Los Angeles, California 90071 Tel: (213) 485-1500/Fax: (213) 485-1200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal of state court action based on diversity of the parties pursuant to 28 U.S.C. section 1332.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: **SACV08-01207 JVS (RCx)** |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | American LegalNet, Inc. www.FormsWorkflow.com | Page 1 of 2 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Healthsmart Pacific, Inc. (Orange); First Medical Management, Inc. (Orange) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Zurich American Insurance Company (New York, Illinois) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 29, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com